## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| 10 S. Howard Street, 3rd Floor | ) | |
| Baltimore, Maryland 21201 | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| | ) | |
| v. | ) | |
| | ) | |
| AMERISOURCEBERGEN DRUG CORPORATION | ) | Civil Action No. |
| 9717 Key West | ) | |
| Rockville, Maryland 20850 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of her disability and to provide appropriate relief to Meron Debru, who was adversely affected by such practices. The Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant AmerisourceBergen Drug Corporation unlawfully discriminated against Debru by failing to reasonably accommodate her and by terminating her because of her actual disability, in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.      At all relevant times, Defendant AmerisourceBergen Drug Corporation has continuously been a Delaware corporation doing business in the State of Maryland and the City of Rockville, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of

2

the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Meron Debru filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least July 2012, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Debru a reasonable accommodation for her disability; discharging Debru because of her disability; and participating in a contractual or other arrangement or relationship that had the effect of subjecting Debru to disability discrimination.

9.      At all relevant times, Debru was an individual with an actual disability as defined by the ADA.

10.     Debru had postpartum depression, a mental impairment.

11.     As a result of her disability, Debru was substantially limited in major life activities and bodily functions, including but not limited to eating, sleeping, thinking, concentrating, and interacting with others.

12.     At all relevant times, Debru was qualified to perform the essential functions of her position.

13.     Debru began working for Defendant in August 2011 as a Reimbursement Case Advocate in its Rockville, Maryland facility.

14.     Debru's job duties included providing customer assistance to patients and pharmacists.

15.     Debru performed her job successfully until her discharge.

16.     From April 25, 2012 through September 5, 2012, Debru was unable to work for reasons related to giving birth and to her disability.

17.     In February and April, 2012, Debru informed her supervisor and her Human Resources Manager of her need for leave for the birth of her child.  Consistent with Defendant's policies and practice, both individuals referred Debru to Aetna, Defendant's third party employee leave administrator, to process Debru's leave request.

18.     In accordance with Defendant's applicable policies and practice, Debru apprised Aetna of her need for leave.  Aetna initially granted Debru short term disability (STD) benefits from April 25, 2012 through June 6, 2012.

19.     On June 6, 2012, Debru's doctor did not release her to return to work because of concerns that she might have post-partum depression.  Her doctor referred her to a specialist. Debru saw a Licensed Clinical Professional Counselor, who diagnosed her with post-partum depression.

20.     Debru notified Aetna that she could not return to work and provided Aetna with medical documentation of her condition.

21.     Aetna notified Defendant that Debru was taking additional unpaid leave and could not return to work.

22.     When Debru did not return to work on July 15, 2012, Defendant filled her position.

23.     On August 1, 2012, Defendant sent Debru a letter notifying her that she was terminated, effective August 1, 2012.  The letter stated that Debru had exhausted her FMLA

4

leave and that because she had taken more than six months' leave, she was terminated.

24.     Debru contacted Defendant's Human Resources Manager because she had not taken more than six months' leave.

25.     Debru also informed Defendant of her depression.

26.     Defendant sent Debru another letter, dated August 9, 2012.  The letter stated that Debru had exhausted her FMLA leave and was not entitled to additional leave.  The letter further stated she could apply for open positions with Defendant.

27.     On August 14, 2012, Aetna reinstated Debru's STD benefits effective June 6, 2012 until September 5, 2012.

28.     On September 5, 2012, Debru was released to return to work.

29.     Defendant did not return her to her Reimbursement Case Advocate position or reassign her to another position, but forced her to compete for vacant positions.

30.     Debru applied for three positions with Defendant for which she was qualified. Defendant did not offer her any of the positions.

31.     On November 2, 2012, Defendant terminated Debru.

32.     On or about July 2012, Defendant engaged in unlawful employment practices when it filled Debru's position while she was on leave for her disability.

33.     Between July 2012 and November 2012, Defendant engaged in unlawful employment practices when it failed to provide Debru a reasonable accommodation, leave and/or reassignment, and discharged Debru because of her disability.

34.     Between July 2012 and November 2012, Defendant engaged in unlawful employment practices when it participated in a contractual or other arrangement or relationship

5

that had the effect of subjecting Debru to disability discrimination.

35.     The effect of the practices complained of in paragraphs 7-34 above has been to deprive Debru of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

36.     The effect of the practices complained of in paragraphs 7-34 above has been to deprive Debru of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her disability.

37.     The unlawful employment practices complained of in paragraphs 7-34 above were intentional.

38.     The unlawful employment practices complained of in paragraphs 7-34 above were done with malice or with reckless indifference to the federally protected rights of Meron Debru.

<u>PRAYER FOR RELIEF</u>

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating by discharging qualified employees because of a disability; failing to provide reasonable accommodations to individuals covered by the ADA; and participating in contractual or other arrangements or relationships that have the effect of subjecting its employees to disability discrimination;

B.     Order Defendant to institute and carry out policies, practices, and programs that

eradicate the effects of its past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its policy with respect to its third party employee leave administrator, Aetna, to ensure that Defendant provides reasonable accommodations for employees with disabilities when required by the ADA; (ii) publicize that amendment to all present and future employees; and (iii) adhere to the amendment;

C.      Order Defendant to make whole Meron Debru by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D.      Order Defendant to make whole Meron Debru by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

E.      Order Defendant to make whole Meron Debru by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay Meron Debru punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

H.      Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Philadelphia District Regional Attorney

MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney

TANYA L. GOLDMAN
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2728 (phone)
(410) 962-2221 (fax)
Tanya.Goldman@eeoc.gov